# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| THEODORE COHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2011-0076 |
| ) | |
| DEXTER A. SKEPPLE, TERRY SKEPPLE, ) | |
| AND THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**Attorneys:**
**Eric S. Chancellor, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Theodore Cohen*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Internal Revenue Service*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Theodore Cohen's "Motion for Default Judgment against the Skepple Defendants, and for Summary Judgment against the United States of America," filed on July 18, 2012. (Dkt. No. 10). For the reasons discussed below, the Court will grant the Motion for Summary Judgment against the United States, and deny, without prejudice, the Motion for Default Judgment against the Defendants, Dexter A. Skepple and Terry Skepple ("the Skepples" or "Skepple Defendants").

### I. BACKGROUND

On June 17, 2011, Plaintiff Theodore Cohen filed a Complaint against the Skepples and the United States of America in the Superior Court of the Virgin Islands, alleging that the

Skepples breached a May 6, 2009 Promissory Note and Mortgage regarding certain property ("the Property") described as:

> Plot 161 of Parcel 6 of Estate Clifton Hill, King Quarter, St. Croix, United States Virgin Islands, consisting of 0.2324 US acre, more or less, as more fully shown on OLG Drawing No. 2807 dated July 22, 1970, revised August 18, 1983.

(Compl., Dkt. No. 1-2). The Complaint alleges that the Skepple Defendants signed the Promissory Note in the original face value of $101,000.00, and the Mortgage; that the Skepples were in default of their obligations under the Promissory Note and Mortgage; and that they have refused to pay the amounts owing, despite demand being made. *Id*. at ¶¶ 4-6. Plaintiff seeks foreclosure of the Property and damages from the Skepples. *Id*. at ¶ 8. The Complaint provides that the principal amount due and owing is $43,622.69, plus interest, accruing at the rate of 12% per annum from March 6, 2011, and late payment penalties. *Id.* at ¶ 8. Plaintiff has named the United States of America as an entity claiming an interest in the property. *Id.* at ¶ 9. On August 2, 2011, the United States removed this case from the Superior Court to this Court. (Notice of Removal, Dkt. No. 1).

Defendant Dexter Skepple was personally served with a copy of the Summons and Complaint at Seaborne Airlines in Christiansted, St. Croix, on July 19, 2011. (Dkt. No. 3-2). The Process Server's Affidavit indicates that he served Terry Skepple by personally serving Dexter A. Skepple, her husband, at Seaborne Airlines on July 19, 2011. (Dkt. No. 3-3). The Skepples have not answered the Complaint or otherwise appeared in this action.

The United States was served with the Summons and Complaint on July 8, 2011, and filed an answer on September 19, 2011. (Dkt. Nos. 1, 2).

On October 17, 2011, Plaintiff filed a Motion for Entry of Default against the Skepples. (Dkt. No. 3). The Clerk of the Court entered default against the Skepples on October 18, 2011. (Dkt. No. 4).

On July 18, 2012, Plaintiff filed the instant Motion for Default and Summary Judgment (the "Motion"). (Dkt. No. 10). In this Motion, Plaintiff seeks a default judgment for debt and foreclosure against the Skepples for the entire amount due under the Note and Mortgage, plus expenses, interest, and attorney's fees. He also seeks summary judgment against the United States on the grounds that Plaintiff's mortgage lien takes priority over the lien of the United States. (Dkt. No. 10 at 1-2). Attached to the memorandum in support of his Motion, Plaintiff filed an Affidavit of Proof which provides that $55,010.28 in principal is due and owing as of July 6, 2012, $10,998.72 in unpaid interest (from November 6, 2010 to July 6, 2012), and $2,348.29 in unpaid late payment penalties. (Dkt. No. 11-4). He avers that interest continues to accrue at the rate of $18.09 per day. *Id.* He also asserts that attorney's fees and costs total $3,309.50. *Id.* Plaintiff included an affidavit of his counsel detailing how the amount of attorney's fees was calculated. (Dkt. No. 12-1).

The Motion further provides that because the United States has stipulated that Plaintiff's lien takes priority over the lien of the United States, there is no material issue of fact for trial. (Dkt. No. 11 at 2. Plaintiff attached to his memorandum in support of his Motion a stipulation with the United States that his lien on the Property is "prior in time and takes priority over the lien of The United States[.]" (Dkt. No. 11-5). Also, on July 31, 2012, the United States filed a "Notice of No Opposition to Plaintiff's Motion for Summary Judgment." (Dkt. No. 14).

## II. APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, Vacation & Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. ANALYSIS

#### A. Summary Judgment Against the United States

Plaintiff moves for summary judgment on the issue of the priority of his lien on the Property over that of the United States. As noted above, Plaintiff and the United States have stipulated that Plaintiff's lien is "prior in time and takes priority over" that of the United States. (Dkt. No. 11-5). This provides a sufficient factual basis upon which to award Plaintiff summary judgment as to his claim of the priority of his lien on the Property over the lien claimed by the United States. *See Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc) ("Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."). Accordingly, the Court will grant summary judgment in favor of the Plaintiff on his claim against the United States.

#### B. Default Judgment Against the Skepples

Plaintiff must satisfy all of the requirements necessary to obtain a default judgment against the Skepples. In this regard, he has properly shown that: (1) default was entered against the Skepples by the Clerk of the Court (Dkt. No. 4); (2) the Skepples have not appeared; and (3) the Skepples are neither infants nor incompetent (Dkt. No. 3-1). In addition, Plaintiff provided an affidavit attesting to the Skepples' non-military service in compliance with the Servicemembers Civil Relief Act, 50 App. U.S.C.A. §§ 501 *et seq.* (Dkt. No. 10-1).[1] However, Plaintiff has not

---

[1] The relevant section of the Servicemembers Civil Relief Act, 50 App. U.S.C.A. § 521, entitled "[p]rotection of servicemembers against default judgments," provides that a plaintiff in a default proceeding must file an affidavit with the court "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[.]" 50 App. U.S.C.A. § 521(b)(1)(A). In his affidavit submitted pursuant to 50 App. U.S.C.A. § 521, Plaintiff averred that he was "personally familiar" with the Skepple Defendants, who are pastors at Speak the Word Ministries in St. Croix; that he has visited and observed them at their place of employment

satisfied the two remaining requirements for obtaining a default judgment: he has not shown that Defendant Terry Skepple has been validly served with the Summons and Complaint, and he has not shown how the amount of the judgment that he seeks was calculated.

Plaintiff has asserted that the Skepples were validly served with the summons and complaint on July 11, 2011. (Dkt. Nos. 3, 3-1, 10). The Affidavit signed by the process server avers that Defendant Dexter Skepple was served personally at Seaborne Airlines in Christiansted, St. Croix, on July 11, 2011. (Dkt. No. 3-2). However, Defendant Terry Skepple was not served personally. The process server represented that he served "Dexter A. Skepple (Husband) for Terry Skepple," at Seaborne Airlines on July 11, 2011. (Dkt. No. 3-3).

Fed. R. Civ. P. 4(e) provides that an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 27 of the Virgin Islands Superior Court provides that "summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal

---

on numerous occasions; that he has discussed business and employment affairs with them on numerous occasions; and that neither of the Skepples is a member of the armed forces or engaged in military service. (Dkt. No. 10-1). While Plaintiff did not provide official documentation from the Department of Defense Manpower Data Center (DMDC), which would have reflected a search of the DMDC's information data banks to determine whether either of the Skepple Defendants is on active duty status as a member of the Uniformed Services—the preferable way to satisfy this default judgment requirement—under the circumstances here, his affidavit provides sufficient facts to support the conclusion that the Skepples are not engaged in military service.

Rules of Civil Procedure[.]" V.I. Superior Court Rule 27(b). Accordingly, because the Virgin Islands follows Fed. R. Civ. P. 4, it provides no alternate means of serving individuals under state law pursuant to Fed. R. Civ. P. 4(e)(1). Therefore, in the Virgin Islands, proper service on an individual must comport with Fed. R. Civ. P. 4(e)(2)(A), (B), or (C).

Here, it is undisputed that the process server did not serve Defendant Terry Skepple personally with the Summons and Complaint, nor did he leave a copy at her dwelling with someone of suitable age and discretion who resides there. Further, as to Rule 4(e)(2)(C), it is not the case that Dexter Skepple, solely by virtue of being Defendant Terry Skepple's husband, is her "agent authorized by appointment or by law to receive service of process" on her behalf. The Plaintiff has not offered, and the Court has not found, any Virgin Islands case law interpreting this phrase in the context of service upon individuals and, in particular, married couples. However, case law from other jurisdictions appears to be uniform that marriage, by itself, does not confer an agency relationship on the spouse, for service or for other legal matters.

In *Thiel v. Stradley*, 794 P.2d 1142 (Idaho, 1990), the Supreme Court of Idaho found that service on the wife would not constitute service on the husband unless the wife was found to be an "agent authorized by appointment or by law to receive service of process." The court surveyed cases dealing with agency by appointment, opining that "an actual appointment for the specific purpose of receiving process is expected." *Id.* at 1144. With regard to the phrase "an agent authorized by law," the court found that the phrase referred to "an agent authorized by legislative enactment to receive process, rather than one authorized by common law doctrine, estoppel or agency agreement." *Id.* (citing 4A Wright & Miller, Fed. Practice & Procedure § 1098 (1987)). The court concluded that the wife, merely by being married, was not "considered an agent authorized by law, and therefore service on [the wife] did not constitute service on [the

7

husband.]" *Id.; see also Sheet Metal Workers Int'l Ass'n Local Union 1 v. Senica Cooling & Heating, LLC,* 2010 WL 2594785, at *1 (C.D. Ill. June 25, 2010) (where summonses were personally served on individual whom Plaintiff stated was the "agent/wife" of defendants—which apparently included the husband-owner of the corporation—court held that service was not perfected on defendant husband pursuant to Rule 4(e)(2) because there was "no indication in the record that [wife] is indeed an agent of . . . the Defendant[ ]"); *Gant v. Kant*, 314 F. Supp. 2d 532, 533 (D. Md. 2004) (interpreting Maryland law and finding wife not served where plaintiff did not assert that husband was an "agent authorized by appointment or law to receive service of process for" his wife); *Patel v. Kuciemba,* 82 S.W.3d 589, 595 (Tex. App. 2002) (holding, as a matter of law, that "a spouse does not act as an agent for the other spouse solely because of the marriage relationship").

Here, it is undisputed that Plaintiff sought to effect service on Defendant Terry Skepple by serving her husband at a place other than their "dwelling or usual place of abode." *See* Fed. R. Civ. P. 4(e)(2)(B). Further, Plaintiff has not shown that Defendant Dexter Skepple had any specific authority to receive service of process on behalf of his wife, or that any agency relationship existed between them for purposes of service of process. Accordingly, Plaintiff's service of Defendant Terry Skepple, through her husband, at a venue that was not their home or dwelling, does not comply with Fed. R. Civ. P. 4(e)(2) for service on individuals, and default judgment may not be entered against Defendant Terry Skepple. *See Royal Bank of Canada v. Suarez*, 1986 U.S. Dist. LEXIS 15681 (D.V.I. Jan. 24, 1986) ("While Rule 4(d)(1) [predecessor to Rule 4(e)(2)] authorizes a family member to accept process for another member, process must be served at their common abode.")

As for the damages involved in this case, Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).[2] Plaintiff's Motion and supporting affidavits appear to contravene this established principle by setting different amounts for the principal due on the loan ($55,010.28), and a different starting date for the accrual of interest (November 6, 2010), than contained in the Complaint ($43,622.69 due on the loan; interest from March 6, 2011). Plaintiff does not explain how he arrived at the principal sum due, or the initial date from which interest started to accrue, nor does he explain the apparent discrepancies between the Motion and the Complaint. Further, there is no explanation for the amount sought for late fees. In sum, the Court is unable to verify the above amounts sought by Plaintiff in the absence of additional explanation and documentation.

In view of the foregoing, the Court will deny the Motion for Default Judgment without prejudice. The Court will allow Plaintiff additional time to properly serve Defendant Terry Skepple with the Summons and Complaint. Plaintiff will also be afforded the opportunity to provide additional information and documentation addressing the damages issues discussed above. *See Blythe v. Marauder Corp.,* 2010 WL 3609789, at *2 (D.N.J. Sept. 16, 2010) (denying motion for default judgment without prejudice in part because "the motion for default judgment fails to adequately detail the basis for the calculation of the damages sought."); *Ciasulli v. Hartmann*, 2009 WL 150668, at *1 (D.N.J. Jan. 21, 2009) (denying motion for default judgment without prejudice because plaintiff failed to provide factual and legal support for its claim for

---

[2] *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) ("By limiting damages to what is specified in the "demand for judgment," the rule ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer.").

damages); *Lincoln Harbor Enterprises, LLC, v. M.Y. Diplomat*, 2008 WL 5046787, at *6 (D.N.J. Nov. 21, 2008) (denying motion for default judgment without prejudice because plaintiff sought more damages than pleaded in complaint). Plaintiff's future submissions should describe, with particularity, the manner in which the damages are calculated, the legal and factual grounds for those damages, and should include supporting documentation. *See U.S. Small Bus. Admin. as Receiver for Penny Lane Partners, L.P. v. Elghanian*, 2008 WL 5427951, at *5 (D.N.J. Dec. 8, 2008) ("As the Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine the damages in a sum certain.").

### C. CONCLUSION

Plaintiff has demonstrated that he is entitled to summary judgment against the United States regarding the priority of his lien on the Property. Accordingly, the Motion for Summary Judgment as to the United States will be granted. However, Plaintiff has failed to show that Defendant Terry Skepple was properly served, and has failed to adequately support and explain the damages requested in his Motion for Default Judgment. Accordingly, the Motion for Default Judgment as to the Skepple Defendants will be denied without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: August 31, 2012  _____/s/_____
WILMA A. LEWIS
District Judge