DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **THEODORE COHEN,**     )<br>                                                              )<br>           **Plaintiff,**                       )<br>                                                              )<br>           v.                                           )<br>                                                              )<br>**DEXTER A. SKEPPLE, TERRY SKEPPLE,**  )<br>**AND THE UNITED STATES OF AMERICA,**  )<br>                                                              )<br>           **Defendants.**                    )<br>_____) | **Civil Action No. 2011-0076** |

**Attorneys:**
**Eric S. Chancellor, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Theodore Cohen*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Internal Revenue Service*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Theodore Cohen's "Second Motion for Default Judgment against the Skepple Defendants" filed on March 21, 2013. (Dkt. No. 24). As discussed below, Plaintiff has failed to address all of the deficiencies in his first Motion for Default Judgment that were identified in this Court's August 31, 2012 Memorandum Opinion. Accordingly, once again, the Court will deny the Motion for Default Judgment against Defendants, Dexter A. Skepple and Terry Skepple ("the Skepples" or "Skepple Defendants"), without prejudice.

## BACKGROUND

On June 17, 2011, Plaintiff Theodore Cohen filed a Complaint against the Skepples and the United States of America, alleging that the Skepples breached a May 6, 2009 Promissory Note and Mortgage regarding certain property ("the Property") described as:

> Plot 161 of Parcel 6 of Estate Clifton Hill, King Quarter, St. Croix, United States Virgin Islands, consisting of 0.2324 US acre, more or less, as more fully shown on OLG Drawing No. 2807 dated July 22, 1970, revised August 18, 1983.

(Dkt. No. 1-2). On July 18, 2012, Plaintiff filed a Motion for Default Judgment against the Skepples for debt and foreclosure for the entire amount due under the Note and Mortgage, plus expenses, interest, and attorney's fees. (Dkt. No. 10). Plaintiff also sought summary judgment against the United States on the grounds that Plaintiff's mortgage lien took priority over the lien of the United States. *Id.*

In a Memorandum Opinion filed on August 31, 2012, the Court granted Plaintiff's Motion for Summary Judgment against the United States and denied, without prejudice, the Motion for Default Judgment against the Skepples. (Dkt. No. 16). With regard to the Default Judgment, the Court found, *inter alia*, that Plaintiff had not satisfied two of the requirements for obtaining a default judgment: (1) he had not shown that Defendant Terry Skepple had been properly served with the Summons and Complaint; and (2) he had not shown how the amount of the judgment was calculated. *Id.* at 6.

In addressing the amount of damages due, the Court pointed out that the Complaint alleged that the principal amount due on the loan was $43,622.69, with interest calculated from March 6, 2011, but Plaintiff's Affidavit of Proof in support of default judgment (the "First Affidavit of Proof") reported that the principal due on the loan was $55,010.28, with interest from November 6, 2010, accruing at $18.09 per day. (Dkt. No. 11-4). Plaintiff also sought

$2,348.29 in late payment penalties in the motion, rather than the $1,341.86 sought in the Complaint. In discussing these divergent figures, the Court stated:

> Plaintiff does not explain how he arrived at the principal sum due, or the initial date from which interest started to accrue, nor does he explain the apparent discrepancies between the Motion and the Complaint. Further, there is no explanation for the amount sought for late fees. In sum, the Court is unable to verify the above amounts sought by Plaintiff in the absence of additional explanation and documentation.

(Dkt. No. 16 at 9).

As a result of the improper service on Terry Skepple and Plaintiff's failure to adequately support and explain the damages requested, the Court denied, without prejudice, the Motion for Default Judgment as to the Skepple Defendants. The Court stated in its Memorandum Opinion that "Plaintiff's future submissions should describe, with particularity, the manner in which the damages are calculated, the legal and factual grounds for those damages, and should include supporting documentation." (Dkt. No. 16 at 10). In the Order issued contemporaneously with the Memorandum Opinion, the Court permitted Plaintiff to re-serve his Complaint on Defendant Terry Skepple and proceed accordingly, "mindful of the Court's ruling regarding proof of damages." (Dkt. No. 15).

On December 28, 2012, Plaintiff filed an Application for Entry of Default by the Clerk of Court against Defendant Terry Skepple. (Dkt. No. 21). Plaintiff attached as an exhibit a proof of service which showed that Terry Skepple had been personally served with the Summons and Complaint on October 3, 2012. (Dkt. No. 21-3). On January 14, 2013, the Clerk of Court entered default as to Terry Skepple. (Dkt. No. 23).

Plaintiff filed the instant "Second Motion for Default Judgment against the Skepple Defendants" on March 21, 2013. (Dkt. No. 24). In an Affidavit of Proof attached to his Memorandum of Law (the "Second Affidavit of Proof"), Plaintiff avers that:

3

> The principal amount due and owing as of March 6, 2011 is $43,622.69. Interest accrues at the rate of 12% per annum, or $14.35 per day, from March 6, 2011, until the day of judgment, and at the legal rate (4%) thereafter. Unpaid late payment penalties on the mortgage note are calculated from March 6, 2011, through June 24, 2011, when foreclosure was filed, and total $1,341.86.

(Dkt. No. 25-4, ¶ 6). Plaintiff also provided an "Affirmance" from his counsel and an accounting which detailed the attorney's fees and costs expended in this matter. (Dkt. No. 25-5, 25-6, 25-7).

## DISCUSSION

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

After examining the affidavit of service submitted by Plaintiff, the Court finds that Defendant Terry Skepple has been properly served. (Dkt. No. 22). Accordingly, the only remaining issue is whether Plaintiff has complied with the Court's directive regarding proof of damages for purposes of showing "the amount of judgment and how it was calculated." *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012). The Court concludes that he has not.

Plaintiff was directed that his submission "should describe, with particularity, the manner in which the damages are calculated, the legal and factual grounds for those damages, and should include supporting documentation." (Dkt. No. 16 at 10). The Court found his prior submission deficient in that Plaintiff had failed to explain: (1) how he arrived at the principal sum due; (2)

the date from which interest started to accrue; (3) the discrepancies between the amounts sought in the first Motion for Default Judgment and the Complaint; and (4) the amount sought for late fees. The Court expressed its concern regarding its inability to verify the amounts sought in the absence of additional explanation and documentation. (Dkt. No. 16 at 9-10).

Plaintiff has responded by simply retreating—without any explanation whatsoever—to the damages figures alleged in the Complaint. This response renders moot any need to explain discrepancies between the differing amounts sought in the Complaint and the first Motion for Default Judgment. However, Plaintiff still has not provided the explanation and documentation necessary to verify the amounts sought, as specifically discussed in the Court's August 31, 2012 Memorandum Opinion.[1] Indeed, the apparent ease with which Plaintiff—without any explanation—has gone back and forth between the amounts sought in the Complaint to the amounts sought in his first Motion for Default Judgment and now back to the amounts sought in the Complaint in the Second Motion for Default Judgment, renders even more imperative the need for the Court to obtain a cogent explanation, with supporting documentation, of the manner in which each component of the damages sought is calculated.

As a result of Plaintiff's failure to show how the amount of the judgment sought was calculated, the Court will deny Plaintiff's Second Motion for Default Judgment against the Skepples without prejudice. The Court will permit Plaintiff one final opportunity to provide supplemental affidavit(s) that must describe, with particularity, the manner in which all of the component damages figures are calculated. Plaintiff's submission must also include supporting documentation. *See U.S. Small Bus. Admin. as Receiver for Penny Lane Partners, L.P. v.*

---

[1] The only aspect of damages for which Plaintiff provides support is attorney's fees and costs. (Dkt. No. 25-7).

*Elghanian*, 2008 WL 5427951, at *5 (D.N.J. Dec. 8, 2008) ("As the Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine the damages in a sum certain."). In view of the fact that this is the second time that the Court is addressing this issue, Plaintiff is advised that the Court will not look favorably on any further failures to follow its directives.

## **CONCLUSION**

Based on the foregoing, Plaintiff's "Second Motion for Default Judgment against the Skepple Defendants" will be denied without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 23, 2013                             _____/s/_____
                                                 WILMA A. LEWIS
                                                 District Judge