## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

THEODORE COHEN,                          )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )          Civil Action No. 2011-0076
                                         )
DEXTER A. SKEPPLE, TERRY SKEPPLE,        )
AND THE UNITED STATES OF AMERICA,        )
                                         )
            Defendants.                  )
_____ )

Attorneys:
**Eric S. Chancellor, Esq.,**
St. Croix, U.S.V.I.
        *For Plaintiff Theodore Cohen*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
        *For Defendant Internal Revenue Service*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Theodore Cohen's "Second Motion for Default Judgment against the Skepple Defendants," filed on March 21, 2013. (Dkt. No. 24). The Court denied the Motion without prejudice on April 23, 2013 because Plaintiff failed to explain how he arrived at the damages figures sought. The Court permitted Plaintiff an opportunity to file supplemental affidavits describing, with particularity, the manner in which those figures were calculated. (Dkt. No. 26). Plaintiff filed Supplemental Affidavits on May 1, 2013 (Dkt. No. 28) and a proposed Judgment and Order on May 16, 2013. (Dkt. No. 30). Having considered all of the filings, the Court will now grant Plaintiff's Second Motion for Default Judgment.

## **BACKGROUND**

On June 17, 2011, Plaintiff Theodore Cohen filed a Complaint against Defendants Dexter A. Skepple and Terry Skepple (the "Skepples") and the United States of America, alleging that the Skepples breached a Promissory Note and Mortgage, both dated May 6, 2009, regarding certain property ("the Property") described as:

> Plot 161 of Parcel 6 of Estate Clifton Hill, King Quarter, St. Croix, United States Virgin Islands, consisting of 0.2324 US acre, more or less, as more fully shown on OLG Drawing No. 2807 dated July 22, 1970, revised August 18, 1983.

(Dkt. No. 1-2). On July 18, 2012, Plaintiff filed a Motion for Default Judgment against the Skepples for debt and foreclosure for the entire amount due under the Note and Mortgage, plus expenses, interest, and attorney's fees. (Dkt. No. 10). Plaintiff also sought summary judgment against the United States on the grounds that Plaintiff's mortgage lien took priority over the lien of the United States. *Id.*

In a Memorandum Opinion filed on August 31, 2012, the Court granted Plaintiff's Motion for Summary Judgment against the United States and denied, without prejudice, the Motion for Default Judgment against the Skepples. (Dkt. No. 16). With regard to the Default Judgment, the Court found, *inter alia*, that Plaintiff had not satisfied two of the requirements for obtaining a default judgment: (1) he had not shown that Defendant Terry Skepple had been properly served with the Summons and Complaint; and (2) he had not shown how the amount of the judgment was calculated. *Id.* at 6. The Court permitted Plaintiff to re-serve his Complaint on Defendant Terry Skepple and to provide additional information and documentation to support his damages figures.

Plaintiff filed a "Second Motion for Default Judgment against the Skepple Defendants" on March 21, 2013. (Dkt. No. 24). In a Memorandum Opinion dated April 23, 2013, the Court

found that Defendant Terry Skepple had been properly served. As to the damages issue, however, the Court found that Plaintiff had still failed to explain: (1) how he arrived at the principal sum due; (2) the date from which interest started to accrue; (3) the discrepancies between the amounts sought in the first Motion for Default Judgment and the Complaint; and (4) the amount sought for late fees. Because the Court was still unable to verify the damages Plaintiff sought, it denied the Second Motion for Default Judgment without prejudice. The Court permitted Plaintiff one final opportunity to provide supplemental affidavits with supporting documentation that would "describe, with particularity, the manner in which all of the component damages figures are calculated." (Dkt. No. 26 at 5).

On May 1, 2013, Plaintiff filed a Supplemental Affidavit, in which he stated that upon review of his payment ledger with his attorney, he determined that he had made an error in the amount of late fees owed by the Skepples, resulting in a $1,129.85 credit that he applied to accrued interest. (Dkt. No. 28-1). Plaintiff explained how he arrived at the $43,622.69 principal amount due and owing, and the late payment penalties of $1,006.35. (Dkt. No. 28-1). Plaintiff supplied a copy of his ledger as well as amortization tables to support his averments. (Dkt. Nos. 28-2, 28-3). In an Affirmance, also filed in accordance with the Court's April 23, 2013 Order, Plaintiff's counsel explained that he had made an error regarding the date of the Skepples' delinquency and amount of late fees owed. He further explained how the errors contained in the initial and Second Motion for Default Judgment had been corrected. (Dkt. No. 28-4).

Plaintiff also filed a revised proposed Judgment and Order on May 16, 2013 in which he brought current all amounts due as of that date (Dkt. No. 30-1), as well as an Affirmance from his counsel, who updated his attorney's fees request from July 2012 through May 14, 2013. (Dkt.

No. 30-2).[1] Counsel provided billing memoranda for legal services rendered in this matter from July 2012 to February 2013, and from April to May 2013, showing the date work was performed in the case, a brief description of the work performed, the time spent, and the total dollar amount billed. (Dkt. Nos. 30-3, 30-4). As of May 15, 2013, attorney's fees and costs totaled $7,397.00.

## DISCUSSION

### A.  Default Judgment

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

In its Memorandum Opinions issued on August 31, 2012 and April 23, 2013, the Court found that Plaintiff had properly shown that: (1) default was entered against the Skepples by the Clerk of Court; (2) the Skepples have not appeared; (3) neither of the Skepples is an infant nor an

---

[1] Counsel originally filed an Affirmance in Support of Costs and Attorney's Fees in July 2012 (Dkt. No. 12), as part of the original Motion for Default Judgment.

incompetent person; (4) the Skepples were validly served with service of process; and (5) the Skepples are not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. Nos. 16 at 5; Dkt. No. 26 at 4). In the recently submitted Supplemental Affidavit and Counsel's Affirmance, Plaintiff has now acknowledged and corrected errors in its earlier submissions and explained to the Court's satisfaction his calculation of the amount of the judgment, and the fees and costs included in that judgment. Based on Plaintiff's submissions, the Court finds that the principal amount due is $43,622.69; that interest has accrued at the rate of $14.35 per day from May 24, 2011 through May 16, 2013, totaling $10,375.05, and will continue to accrue at that rate until the date of Judgment, and at the legal rate (4.000%) thereafter until the Judgment is satisfied; and that late fees in the amount of $1,006.35 are due and owing. Plaintiff has, therefore, now satisfied the six default judgment requirements.

Further, the Court has also considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the Skepple Defendants' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Skepple Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

5

Accordingly, the Court will grant Plaintiff's Second Motion for Default Judgment against the Skepples, as supplemented by Plaintiff's subsequent Affidavit and Counsel's Affirmance.

## B. Attorney's Fees

Plaintiff seeks an award of attorney's fees in the amount of $7,110.00. Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties...." 5 V.I.C. § 541(b). Under the terms of the Note, Plaintiff may recover "all costs of collection including, but not limited to, reasonable attorney's fees." (Dkt. No. 11-1 at 2; *see also* Dkt. No. 11-2 at ¶ 2 (Mortgage Provision)). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Cf. Williams v. United Corp.*, 2009 WL 321339, at *2 (V.I. Jan. 7, 2009) (observing that the inclusion of attorney's fees within the definition of reasonable costs is derived from § 541).

"To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases).

The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing

6

market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Assessing whether the hours billed were "reasonably expended," the Court finds that the total amount of attorney's fees sought in this matter is excessive.[2] This matter involves "run-of-the-mill debt and foreclosure claims, and was disposed of at the summary judgment [and default judgment] stage. The issues were not novel, but, rather, relatively commonplace." *Firstbank Puerto Rico v. Caribbean Island Adventure, Inc.*, 2008 WL 783537, at *2 (D.V.I. Mar. 20, 2008). The Court finds that the excessive time spent in this case stems primarily from the deficiencies in the first and second Motions for Default Judgment filed by Plaintiff—specifically, Plaintiff's failure to sufficiently explain the proper date from which interest started to accrue and how the principal and late charges were calculated, as well as his failure to properly serve Defendant Terry Skepple. All of the entries in the Memorandum of Costs subsequent to the Court's August 31, 2012 Memorandum Opinion granting Cohen's Motion for Summary Judgment and denying without prejudice the initial Motion for Default Judgment relate to the efforts by Cohen to properly serve Defendant Terry Skepple and to properly support his damages

---

[2] Attorney's fees awards in foreclosure cases in this District are usually lower than the $7,397.00 requested by Plaintiff. *See Flagstar Bank, FSB v. Pemberton ex rel. Pemberton*, 2010 WL 2643378, at *2 (D.V.I. June 30, 2010) ("Moreover, having already awarded over $5,000 in attorney's fees and costs to Plaintiff in this unopposed foreclosure matter, the Court finds that an additional $1,233.67 would not be reasonable."); *FirstBank P.R. v. Connor*, 2009 WL 2515729 at *2 (D.V.I. Aug. 11, 2009) (awarding only $1,000 of $6,490.50 attorney's fee request because "this matter involved garden-variety debt and foreclosure claims and was disposed of at the default judgment stage."); *Banco Popular de P.R. v. Carew*, 2009 WL 2413675, at *2 (D.V.I. Aug. 3, 2009) (awarding only $1,000 of $3,506.30 attorney's fee request for "run-of-the-mill debt and foreclosure claims [that were] disposed of at the default judgment stage, obviously without opposition from either of the Defendants.").

claim in a second and third attempt to obtain default judgment against the Skepples. In the Court's view, it is not reasonable to require the Skepples to underwrite Cohen's deficiencies in his successive Motions for Default Judgment which resulted in additional legal work.

With regard to the reasonableness of the hourly rates, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction ranges from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Counsel affirms that his hourly billing rate is $225.00 per hour. (Dkt. No. 30-2). The Court concludes that this hourly rate is reasonable and falls within the scope of rates for such services. *See Rode*, 892 F.2d at 1183.

Accordingly, of the $7,110.00 in attorney's fees sought by Plaintiff, the Court will award $3,354.50, representing all of the attorney's fees incurred up to and including the Court's August 31, 2012 Memorandum Opinion granting Cohen's Motion for Summary Judgment and denying without prejudice the initial Motion for Default Judgment. The Court will disallow attorney's fees incurred after August 31, 2012 as unreasonable. *See Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205 (3d Cir. 1969) (allowing 7.5% of requested attorney's fees in mortgage foreclosure case); *Caribbean Island Adventure*, 2008 WL 783537, at *2 (allowing 6%, or $1,034.26 of $16,861.16 in requested attorney's fees and costs in debt and foreclosure case).

### C. Costs

Plaintiff seeks reimbursement of $287.00 in costs, consisting of filing fees and service of process fees. With regard to reimbursement of costs incurred in collecting the indebtedness, the contracts between the parties—the Note and Mortgage—control. *See Atkinson v. LaFayette Coll.*, 460 F.3d 447, 452 (3d Cir. 2006) ("Where the language is clear and unambiguous, the express terms of the contract will control."). The terms of these two documents permit the

recovery of all costs expended by the Bank if a default occurs. The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs).

For the reasons stated above, the Court will award $227.00 of the $287.00 in costs sought by Plaintiff, representing all of the costs incurred up to and including the August 31, 2012 Memorandum Opinion. The Court will disallow the costs incurred after August 31, 2012 as unreasonable.

## **CONCLUSION**

Based on the foregoing, the Court will grant Plaintiff's "Second Motion for Default Judgment against the Skepple Defendants" (Dkt. No.  24), as supported by the Supplemental Affidavits on May 1, 2013. (Dkt. No. 28). The Court will also award $3,354.50 in attorney's fees and $227.00 in costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: July 5, 2013                                    _____/s/_____
                                                      WILMA A. LEWIS
                                                      District Judge