DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THEODORE COHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2011-0076 |
| ) | |
| DEXTER A. SKEPPLE, TERRY SKEPPLE, ) | |
| AND THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**Attorneys:**
**Eric S. Chancellor, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Theodore Cohen*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Internal Revenue Service*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the unopposed "Motion for Additional Award of Costs and Attorney's Fees" (the "Motion") filed by Plaintiff Theodore Cohen ("Cohen") on January 14, 2014. (Dkt. No. 38). In the Motion, Cohen states that, on July 5, 2013, the Court entered Judgment for debt and mortgage foreclosure in his favor, and since entry of Judgment, Plaintiff incurred additional necessary costs and fees which, under the terms of the applicable mortgage and promissory note should be reimbursed to Plaintiff. *Id.* Plaintiff's counsel provided an Affirmance showing that he incurred additional attorney's fees of $2,115.00 and costs of $1,623.00. (Dkt. No. 38-1). The Court will grant Plaintiff's Motion.

## BACKGROUND

In August 2011, then-Defendant United States of America removed this debt and foreclosure from the Superior Court of the Virgin Islands to this Court. (Dkt. No. 1). Defendant United States filed an Answer; Defendants Dexter A. Skepple and Terry Skepple did not appear. Cohen filed a Motion for Default Judgment against the Skepple Defendants and a Motion for Summary Judgment against the United States. (Dkt. No. 10). On August 31, 2012, the Court entered a Memorandum Opinion and Order in which it granted summary judgment on Cohen's claim against the United States, but denied without prejudice Cohen's Motion for Default Judgment against the Skepples. (Dkt. Nos. 15, 16). The Court required Cohen to properly serve Defendant Terry Skepple and adequately support and explain the damages requested in his Motion for Default Judgment. (Dkt. No. 16).

In March 2013, Cohen filed a "Second Motion for Default Judgment against the Skepple Defendants." (Dkt. No. 24). The Court found that Cohen "failed to address all of the deficiencies in his first Motion for Default Judgment" and denied the motion without prejudice. (Dkt. No. 26). Cohen subsequently filed supplemental affidavits and, in July 2013, the Court granted the Second Motion for Default Judgment based on the information contained in those affidavits. (Dkt. No. 31). In the Memorandum Opinion adjudicating the Second Motion for Default Judgment, the Court reduced the $7,110.00 in attorney's fees sought by Plaintiff to $3,354.50, and reduced the $287.00 in costs requested to $227.00. *Id.* In doing so, the Court disallowed attorney's fees and costs billed to address the deficiencies in the first and second Motions for Default Judgment. *Id.*

On January 14, 2014, Cohen's attorney, Eric S. Chancellor, Esq., filed the Motion at issue, along with an Affirmance in Support of Costs and Fees and a billing memorandum. In his

Affirmance, he states that his hourly rate is $225.00 per hour; that he expended $1,535.00 in advertising the foreclosure sale and $88.00 in filing fees, totaling $1,625.00 in costs; and that he spent an additional 9.4 hours of time, post-sale, on the foreclosure process, totaling $2,115.00 in attorney's fees. (Dkt. Nos. 38, 38-1, 38-2). He seeks a total of $3,738.00 in additional attorney's fees and costs. *Id.*

## DISCUSSION

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under the terms of the Note, Cohen may recover "reasonable" attorney's fees. (Dkt. No. 11-1, ¶ 2). The Mortgage provides that Cohen may recover "all costs and expenses (including without limitation, court costs, expenses of sale and attorney fees." (Dkt. No. 11-2, ¶ 12). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin*

*Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Cohen seeks $2,115.00 in attorney's fees as compensation for 9.40 hours of work billed in this matter subsequent to the granting of default judgment. The billing memorandum attached to counsel's Affirmance provides a date for and description of the work, the time spent on the task, and the amount charged. (Dkt. No. 38-2). Counsel billed for, *inter alia*, discussing the judgment with Cohen; drafting the writ of execution and praecipe; meeting with the District Court Clerk's Office and U.S. Marshal's Service to arrange for attachment of the property; speaking with Defendant Dexter Skepple concerning refinancing to avoid sale; and attending the foreclosure sale. *Id.* The Court finds that the amount counsel has requested is reasonable.

With regard to the second step of assessing the reasonableness of attorney's fees—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). The Court concludes that the $225.00 per hour rate charged by Cohen's attorney is reasonable and falls within the scope of rates for such services.

Based on the foregoing, the Court concludes that the $2,115.00 sought in additional attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Note, the Skepples agreed to pay "all costs of collection." (Dkt. No. 11-1 at 2). In addition, under the terms of the Mortgage, Cohen was entitled to recover from the Skepples "all costs and expenses (including without limitation, court costs, expenses of sale and attorney fees) incurred by [Cohen] in collecting the indebtedness due under the Note or hereunder or in otherwise exercising [Cohen's] rights under this mortgage." (Dkt. No. 11-2, ¶ 12). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs).

Cohen is seeking reimbursement of $1,623.00 for the following costs: newspaper advertising for the foreclosure sale (totaling $1,535.00) and filing fees (totaling $88.00). (Dkt. No. 38-2). He has provided a copy of the newspaper invoice concerning the advertising costs. (Dkt. No. 38-2 at 3). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Note and Mortgage—will award costs in the amount of $1,623.00.

## CONCLUSION

Based on the foregoing, the Court will award Cohen an additional sum of $3,738.00 in additional costs and attorney's fees in this debt and foreclosure case.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 4, 2014                               _____/s/_____
                                                                        WILMA A. LEWIS
                                                                          Chief Judge